UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SULT,<br><br>                     Petitioner,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>                    Respondents. | Case No.: 3:15-cv-01016-H-JLB<br><br>**ORDER:**<br><br>**(1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>**(2) GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(3) DENYING CERTIFICATE OF APPEALABILITY**<br><br>[Doc. Nos. 7, 9] |

On April 30, 2015, James Sult ("Petitioner"), a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (Doc. No. 1.) On May 13, 2015, the Court issued a notice to Petitioner regarding the one-year statute of limitation applied to petitions for writs of habeas corpus. (Doc. No. 4.)

On July 13, 2015, Respondent filed a motion to dismiss on the grounds that the

petition was not filed within the statute of limitation, did not attack the legality or duration of Petitioner's confinement, and failed to allege sufficient federal questions. (Doc. No. 7.) The Court set August 13, 2015, as Petitioner's deadline to file an opposition to the motion. (Doc. No. 5 at 2.) On January 26, 2016, the magistrate judge issued a report and recommendation to deny the petition. (Doc. No. 9.) The magistrate judge set February 16, 2016, as Petitioner's deadline to object to the report and recommendation. (Id. at 25.) On January 27, 2016, the Court issued a scheduling order reminding Petitioner of the February 16, 2016, deadline for filing objections and informing him that he was permitted to file any information he would like the Court to consider by that date. (Doc. No. 10.) Petitioner has not objected to the report and recommendation or filed any other information. For the reasons that follow, the Court grants Respondent's motion to dismiss on the statute of limitation ground.

## Background

Petitioner pleaded guilty to second-degree murder in 1982 and is serving a prison term of fifteen years to life. (Doc. No. 8-1 at 1.) Petitioner is currently confined at the Richard J. Donovan Correctional Facility. (Doc. No. 1 at 14.) Petitioner challenges a prison disciplinary proceeding arising from an incident that occurred on May 24, 2012.[1] Petitioner's administrative appeal was denied at the third and final level of review on April 3, 2013. (Doc. No. 1-1 at 11–12.)

Following the completion of Petitioner's administrative review, Petitioner filed a petition for writ of habeas corpus in the San Diego Superior Court on May 30, 2013.[2] (Doc. No. 8-5 at 68.) The Superior Court denied the petition on August 28, 2013. (Doc. No. 8-6.) Petitioner next filed a petition for writ of habeas corpus in the California Court of Appeal on November 26, 2013. (Doc. No. 8-7 at 70.) The California Court of Appeal

---

[1] The facts surrounding Petitioner's claim are detailed in the report and recommendation. (Doc. No. 9 at 2-5.)

[2] The Court deems the date Petitioner either mailed a petition, or delivered a petition to prison authorities for mailing, as the date the petition was filed. See Houston v. Lack, 487 U.S. 266, 276 (1988).

denied the petition on January 2, 2014. (Doc. No. 8-8 at 2.) Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court on March 20, 2014. (Doc. No. 8-9.) The California Supreme Court summarily denied the petition on May 14, 2014. (Id.; Doc. No. 1-1 at 46.) Petitioner filed his federal petition in this Court on April 30, 2015.[3] (Doc. No. 1 at 27.)

**Discussion**

I.  Legal Standards

A federal court may review a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); accord Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Habeas corpus is an "'extraordinary remedy'" available only to those "'persons whom society has grievously wronged.'" Juan H. v. Allen, 408 F.3d 1262, 1270 (9th Cir. 2005) (quoting Brecht v. Abrahamson, 507 U.S. 619, 633–34 (1993)). Because Petitioner filed this petition after April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the petition. See Lindh v. Murphy, 521 U.S. 320, 327 (1997); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004) (en banc). Pursuant to 28 U.S.C. § 2254(d)(1)-(d)(2), federal habeas relief is available only if the result reached by the state court on the merits is "contrary to" or "an unreasonable application" of United States Supreme Court precedent or if the adjudication is "an unreasonable determination" based on the facts and evidence.

In determining whether a state court decision is contrary to clearly established federal law, the district court looks to the state's last reasoned decision. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where there is an unexplained decision from the state's highest court, the district court "looks through" to the last reasoned state judgment and presumes that the unexplained opinion rests upon the same ground. Ylst v. Nunnemaker,

---

[3]  A proof of service indicating when Petitioner mailed his petition or delivered his petition to prison officials for mailing does not appear in the record. Accordingly, the Court construes Petitioner's filing date as the date Petitioner executed the Petition.

501 U.S. 797, 801–06 (1991).

A habeas petitioner in federal court who wishes to challenge his state court conviction or the length of his confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 133–34 (1987). Thus, a petitioner must have raised the same federal claims brought in the federal petition before the state supreme court. Duncan v. Henry, 513 U.S. 364, 366 (1995). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

II.     Analysis

Respondent moves to dismiss the petition on the grounds that it is time barred.[4] (Doc. No. 7 at 10–13.) The AEDPA provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The Ninth Circuit has held that this limitation period also applies to petitions challenging state prison administrative decisions. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004). The one-year limitation period begins to run from the latest of the following events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In cases where a petitioner challenges a prison's disciplinary decision, the AEDPA's one-year limitation period begins to run when the "factual

---

[4] Respondent also moves to dismiss on other grounds, which the magistrate judge discussed in the report and recommendation. (Doc. No. 9 at 15–24.) Because the Court dismisses the petition on the statute of limitation ground, the Court need not address these other grounds.

predicate" of the petitioner's claims "could have been discovered through the exercise of due diligence." See Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012). In such cases, the factual predicate is the denial of the petitioner's direct administrative appeal. See Shelby, 391 F.3d at 1065–66. Here, the CDCR Office of Appeals denied Petitioner's administrative appeal at the final level of review on April 3, 2013. (Doc. No. 1-1 at 11–12.) Therefore, the one-year limitation period applicable to Petitioner's claims began to run on April 4, 2013.

The AEDPA's one-year limitation period is tolled during the period when a properly filed habeas petition is pending during one full round of review in state court. 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 222–23 (2002). Tolling applies to the intervals between the disposition of one state court habeas petition and the filing of a new one in a higher court so long as the filing of the new petition is timely. Saffold, 536 U.S. at 223; see also Biggs v. Duncan, 339 F.3d 1045, 1047–48 (9th Cir. 2003). In California, the filing of a new petition during a full round of state court review is considered timely if it is filed within a "reasonable" amount of time. Saffold, 536 U.S. at 222–23; Maes v. Chavez, 792 F.3d 1132, 1134 (9th Cir. 2015). Thus, for Petitioner to be eligible for interval tolling, he must have filed each new habeas petition in a higher state court within a reasonable amount of time after the disposition of a prior habeas petition by a lower court. See Evans v. Chavis, 546 U.S. 189, 200–01 (2006); Saffold, 536 U.S. at 222–23; Maes, 792 F.3d at 1134.

The Ninth Circuit has found delays in filing subsequent state court habeas petitions "unreasonable," and therefore not eligible for tolling, when the delays are "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement" and the petitioner provides no explanation or justification for the delay. Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (finding unexplained delays of eighty-one days and ninety-one days unreasonable); see also Stewart v. Cate, 757 F.3d 929, 936–37 (9th Cir. 2014) (finding a one hundred-day delay unreasonable, noting that petitioner presented the same claims in both state court petitions); Stancle v. Clay, 692 F.3d

948, 956 (9th Cir. 2012) (finding an eighty-two-day delay unreasonable when the petitioner provided no justification for the delay).

The AEDPA's one-year statute of limitation is not tolled during the period between the final denial of a petitioner's administrative appeal and the filing of his first state habeas petition as no state court application for collateral review is pending during that time. See Rasberry v. Garcia, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). In the event a petitioner seeks direct review from the highest state court but does not file a petition for a writ of certiorari with the United States Supreme Court, the petitioner's direct state appeal is deemed "final" when the time for filing a petition for a writ of certiorari lapses ninety days after the entry of judgment by the highest state court. Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009).

Petitioner is not entitled to statutory tolling of the AEDPA's one-year statute of limitation during the fifty-six-day period between the denial of Petitioner's administrative appeal and the filing of his Superior Court petition. Petitioner's statute of limitation began to run on April 4, 2013, the day after his administrative appeal was denied at the third and final level of review, and Petitioner did not file his first state court petition until May 30, 2013. (Doc. No. 8-5 at 68.) As no application for review was pending between the denial of his administrative appeal and the filing of his first state court habeas petition, Petitioner is not entitled to statutory tolling during this fifty-six-day period. See Rasberry, 448 F.3d at 1153 n.1.

In addition, Petitioner is not entitled to statutory tolling for the eighty-nine-day period that elapsed between August 28, 2013, when the Superior Court denied Petitioner's petition (Doc. No. 8-6 at 1), and November 26, 2013, when Petitioner filed a petition with the California Court of Appeal (Doc. No. 8-7 at 70). The Ninth Circuit has repeatedly held that delays in excess of sixty days in filing state habeas petitions are unreasonable when petitioners provide no justification or explanation for the delays. See, e.g., Stewart, 757 F.3d at 936; Stancle, 692 F.3d at 956; Velasquez, 639 F.3d at 968. Petitioner has not demonstrated good cause for the eighty-nine-day delay. In addition, the petitions filed with

the San Diego Superior Court (Doc. No. 8-5) and the California Court of Appeal (Doc. No. 8-7) are nearly identical.  Therefore, the Court finds no indication in the record that the eighty-nine-day delay was due to Petitioner's needing additional time to complete supplemental research before filing his petition with the California Court of Appeal.  See Stewart, 757 F.3d at 936–37.  Accordingly, Petitioner is not entitled to statutory tolling for the eighty-nine-day period that elapsed between the Superior Court's denial of his petition and his filing of the petition with the California Court of Appeal.

Lastly, Petitioner is not entitled to statutory tolling during the period between the time the California Supreme Court's denial of his petition became final and the filing of his petition in federal court.  The California Supreme Court denied Petitioner's petition on May 14, 2014.  (Doc. Nos. 8-9; 1-1 at 46.)  Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, and therefore the judgment on his state habeas petition became final on August 12, 2014, when the ninety-day period to seek a writ of certiorari expired.  Zepeda, 581 F.3d at 1016.  Petitioner then filed his federal petition on April 30, 2015.  (Doc. No. 1 at 27.)  As no application for review was pending during the 260-day period from August 13, 2014, the day after the judgment on Petitioner's state petition became final, to April 30, 2015, the date Petitioner filed his federal petition, Petitioner is not entitled to statutory tolling during this time.  Zepeda, 581 F.3d at 1016.

The Court concludes that Petitioner is not entitled to tolling for a total of 405 days, comprising the fifty-six-day period between the denial of his administrative appeal and the filing of his first state habeas petition with the San Diego Superior Court, the eighty-nine-day period between the San Diego Superior Court's denial of Petitioner's habeas petition and his filing a subsequent petition with the California Court of Appeal, and the 260-day period between the final denial of Petitioner's state habeas petition and his filing of the petition in this Court.  The total time for which Petitioner is not entitled to tolling exceeds the one-year limitation period set forth by the AEDPA by forty days.  28 U.S.C. § 2244(d)(1).  The Court therefore finds the petition is barred by the AEDPA's statute of limitation.  Id.  Accordingly, the Court grants Respondent's motion to dismiss.

## Conclusion

For the reasons above, the Court adopts the magistrate judge's report and recommendation on the statute of limitation ground and grants Respondent's motion to dismiss the petition for a writ of habeas corpus. (Doc. Nos. 7, 9.) Additionally, the Court declines to issue a certificate of appealability as Petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED: March 23, 2016

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT